

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No.: **'08 MJ 8496** |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | 21 U.S.C. § 952 and 960 |
| Irma AISPURO (1), | ) | Importation of a Controlled Substance |
| | ) | (Felony) |
| Jennifer VASQUEZ (2), | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned complainant being duly sworn states:

On or about June 1, 2008, within the Southern District of California, defendants Irma AISPURO and Jennifer VASQUEZ did knowingly and intentionally import approximately 18.32 kilograms (40.30 pounds) of marijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Special Agent
U. S. Immigration & Customs Enforcement

SWORN TO, BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS 3rd DAY OF JUNE, 2008.

PETER C. LEWIS
U. S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
               v.
Irma AISPURO (1)
Jennifer VASQUEZ (2)

## STATEMENT OF FACTS

This complaint is based upon the personal observations, investigation and information provided to U.S. Immigration and Customs Enforcement Special Agent Douglas Struckmeyer.

On June 1, 2008, Irma AISPURO and Jennifer VASQUEZ entered the United States at the Calexico, California, West Port of Entry. AISUPRO was the driver and VASQUEZ was the passenger of a 2002 Ford Focus registered to another person. Customs and Border Protection Officer (CBPO) F. Lopez took a negative Customs declaration from AISPURO and VASQUEZ. AISPURO told CBPO Lopez that she had entered Mexico to attend a family reunion and that she travelled to Mexico every weekend. This claim was not consistent with the crossing history on the vehicle that she was driving. CBPO Lopez noticed that during the primary inspection, AISPURO was avoiding eye contact with him. Based on his observations, CBPO Lopez referred the vehicle and both subject to the secondary inspection area for further inspection.

CBPO J. Ibarra encountered the AISPURO and VASQUEZ in the secondary inspection area. CBPO Ibarra received a negative Customs declaration from AISPURO. During a brief interview of AISPURO and VASQUEZ, CBPO Ibarra observed that the two females continued to talk to each other in order to avoid interaction with him.

CBPO Ibarra requested that Canine Enforcement Officer (CEO) E. Leon screen the vehicle with his Narcotic Detector Dog (NDD). The NDD alerted to the presence of

an odor of a controlled substance coming from the vehicle's dashboard. A search of that area resulted in the discovery of eight packages hidden within the dashboard of the vehicle. The packages contained a green leafy substance which field-tested positive for marijuana. The total weight of the packages was 18.32 Kilograms (40.30 pounds).

Special Agent's (S/A) Douglas Struckmeyer and Rafael Silva interviewed AISPURO and VASQUEZ. S/A Struckmeyer furnished each individual with their constitutional rights per Miranda in English with S/A Silva present. Each individual orally waived their rights, as well as signing the written waiver of rights, agreeing to make a statement.

VASQUEZ stated that she had no knowledge of the marijuana in the vehicle. She stated that she went into Mexico in order to accompany AISPURO to a family reunion. She stated that she and AISPURO attended the family reunion and had just left from the reunion when they entered the line to cross back into the United States.

AISPURO stated that both she and VASQUEZ had knowledge of the marijuana in the vehicle. She stated that they were going to be paid $1,500 for smuggling the marijuana into the United States. They were to be paid after successfully delivering the marijuana to a house in Banning, California. She said that they were instructed to lie about their purpose for visiting Mexico and that there had not been a family reunion.